CROSAS, PETITIONER AND APPELLANT, *v.* GUTIÉRREZ, CONTESTANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in a case of the judicial administration of an estate.

MOTION of the respondent to dismiss the appeal.

No. 1045.—Decided April 13, 1914.

APPEAL—JUDICIAL ADMINISTRATION—UNAPPEALABLE DECISION.—An order entered in a case of the judicial administration of the estate of a deceased person overruling the motion of a party that the widow of the deceased be ordered to pay to the judicial administrator a monthly rental for the house and land which belonged to the deceased and which she occupies, is not a final judgment nor a decision which may be appealed from.

The facts are stated in the opinion.
*Mr. Eduardo Acuña* for appellant.
*Messrs. Muñoz & Brown* for respondent.
*Mr. Jorge V. Domínguez* for the judicial administrator.
MR. JUSTICE WOLF delivered the opinion of the court.
Mrs. Crosas de Saldaña, as a testamentary heir of her

father, Andrés Crosas, presented a motion or petition to the
District Court of San Juan praying that Mrs. Gutiérrez,
widow of said Andrés Crosas, be required to pay rent to the
duly appointed administrator of the estate of said Crosas for
the house she was then occupying and which was the house
wherein the said Crosas and the said Carmen Gutiérrez had
resided during his lifetime. The district court, after opposi-
tion on the part of the widow Gutiérrez and a trial at which
proofs were presented, overruled the application and Mrs.
Crosas de Saldaña has appealed.

At the hearing of this case for the first time, the respond-
ent presented a motion that the case be dismissed for lack of
jurisdiction, as the action of the court was not appealable in
that it was not, as alleged by the respondent, any of the judg-
ments or orders enumerated in section 295 of the Code of Civil
Procedure. Section 295 provides as follows:

"An appeal may be taken to the Supreme Court from a district
court:

"1. From a final judgment in an action or special proceeding
commenced in the court in which the same is rendered, within one
month after the entry of judgment  *   *   *.   .

"2.   *   *   *.

"3. From an order granting or refusing a new trial; from an
order granting or dissolving an injunction; from an order refus-
ing to grant or dissolve an injunction; from an order dissolving or
refusing to dissolve an attachment; from an order granting or refus-
ing to grant a change of the place of trial; from any special order
made after final judgment; and from an interlocutory judgment
in actions for partition of real property, within ten days after the
order or interlocutory judgment is made and entered on the minutes
of the court or filed with the secretary."

The respondent draws attention to the fact that the appli-
cation was by way of a motion and the resultant action of the
court was styled an order. It is not, however, any one of the
orders enumerated in paragraph 3, *supra*. Nor is it a final
judgment, because the final judgment in this kind of a testa-

mentary proceeding is the final distribution ordered by the court. We are inclined to think, from the study of the case, that the order in any event would have to stand, but under the plain provision of the statute the decision before us is not included in any part of section 295 and we are without jurisdiction.

The appeal must be dismissed.       *Appeal dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.